IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JUSTIN GREG GROAT,<br><br>Defendant | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i)<br><br>Case No. 2:17-cr-104<br><br>Judge Clark Waddoups |

Before the court is Mr. Groat's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (ECF No. 60.) The court heard oral argument on the Motion on March 31, 2021, taking the matter under advisement. (*See* ECF No. 72.) As explained below, the court finds that Mr. Groat has satisfied his burden of showing extraordinary and compelling reasons to release him. And—based on the Government's concession that there is no reason to believe that Mr. Groat would not follow his conditions of supervised release if his sentence were reduced— the court, after considering the applicable 18 U.S.C. § 3553(a) factors, finds that a reduction in Mr. Groat's sentence is warranted.

Background

On February 15, 2017, a grand jury charged Mr. Groat with one count of being a felon in possession of a firearm, one count of possession of methamphetamine with intent to distribute, one count of possession of a firearm in furtherance of a drug trafficking crime, and possession of marijuana. (ECF No. 1 at 1–3.)

According to the PSR in this case, the court released Mr. Groat "on pretrial supervision on June 8, 2017" (ECF No. 44 at 3) due to then ongoing medical issues related to Mr. Groat's

diagnosis for testicular cancer.

On December 14, 2017, Mr. Groat pled guilty to count III of the indictment—possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A). (*See* ECF No. 41 at 1.) When Mr. Groat pled guilty, he submitted a Plea Agreement wherein he acknowledged that the mandatory minimum sentence for a violation of Count III of the indictment was 60 months. (*See* ECF No. 41 at 2.)

The Probation Office submitted Mr. Groat's PSR on February 8, 2018, noting that Mr. Groat had been "on pretrial supervision [since] June 8, 2017" and noting that he had "complied with all Court ordered conditions of release." (ECF No. 44 at 3.)

On November 6, 2018, the court sentenced Mr. Groat to the mandatory minimum 60 months. (ECF No. 56.) Mr. Groat is serving his sentence at the Bureau of Prison's Federal Correction Institution in Big Spring, Texas.

On January 14, 2021, the court received two handwritten motions from Mr. Groat wherein he requested that the court reduce his sentence pursuant to 18 U.S.C. § 3582. (*See* ECF Nos. 59 & 60.)

On February 12, 2021, defense counsel filed a supplement to Mr. Groat's Motion. (ECF No. 65.) In this Motion, Mr. Groat argued that he exhausted his administrative remedies when the Warden of his prison denied his request for compassionate release. In support of his Motion, Mr. Groat attached the Warden's denial. (ECF No. 65-2 at 2.) Mr. Groat argued that his heightened risk of severe COVID-19 illness constituted "extraordinary and compelling reasons" justifying his release. Mr. Groat argued that he was at heightened risk because of his high blood pressure and his being "in remission from testicular cancer." (ECF No. 65 at 15.) Regarding his remission status, Mr. Groat argued: "Although it was initially believed that only those

individuals currently undergoing active treatment for cancer were at higher risk, recent studies have concluded that patients with cancer in remission are at a higher risk for severe COVID-19 and complications." (ECF No. 65 at 15.) In support of this proposition, Mr. Groat submitted a study from the University of Pennsylvania. (ECF No. 65 at 15–16.) Mr. Groat also argued that his hypertension placed him at a higher risk. (ECF No. 65 at 16.)

Mr. Groat acknowledged that he was previously infected with Covid-19, but argued that that fact "does not preclude a grant of compassionate release." (ECF No. 65 at 19.) Mr. Groat then cited a number of decisions from various district courts holding that a previous positive Covid-19 diagnosis does not preclude a grant of compassionate release if compelling and extraordinary reasons justify a reduced sentence. (ECF No. 65 at 19 n. 57.)

Mr. Groat then cited "an assistant clinical professor in the Division of Infectious Diseases at the David Geffen School of Medicine at the University of California, Los Angeles" for the proposition that "immunity [to Covid-19] seems to last approximately 90 days and that 'reinfection with [Covid-19] has been documented, with some individuals presenting with more severe disease than the first infection.'" (ECF No. 65 at 19.)

On March 10, 2021, the Government submitted a boilerplate opposition to Mr. Groat's Motion. (ECF No. 69.) In this Opposition, the Government checked a box conceding that Mr. Groat has exhausted his administrative remedies. (ECF No. 69 at 2.) The Government also checked a box indicating that Mr. Groat had "failed to present 'extraordinary and compelling reasons' warranting a sentence reduction . . . ." (ECF No. 69 at 2–3.) The Government did provide an "additional comment[]" supporting its position:

> Defendant has cited three medical conditions he claims present "extraordinary and compelling reasons" warranting a sentence reduction. First, he cites a history of testicular cancer. Second, he cites hypertension. And third, he cites obesity. Defendant in fact has a history of cancer. However, according to the CDC, with

3

> respect to cancer, only persons with active cancer diagnoses are known to be at increased risk of severe illness from Covid-19; those with a past history of cancer only might be at an increased risk. With respect to Defendant's cited condition of hypertension, a formal diagnosis of hypertension does not appear in his medical chart although he has had high blood pressure readings and is prescribed medication to reduce blood pressure. Thus, this condition appears to be manageable in custody. Moreover, like a history of cancer, according to the CDC hypertension is only in the category of conditions which might create an increased risk of severe illness from Covid-19. Id. Finally, although obesity is on the list of conditions which create an increased risk of severe illness from Covid-19, the Defendant has not been medically diagnosed as obese, and his actual Body Mass Index – from which a diagnosis of obesity might be extrapolated – appears nowhere in his medical records. Only a note rejecting his administrative request for compassionate release describes him as obese, and the administrative reviewer clearly did not see obesity as a factor warranting early release. In sum, none of Defendant's conditions definitively place him at greater risk of severe illness from Covid-19. He has had Covid-19 and recovered without severe illness materializing, which strongly suggests that any greater risk he might have had is not likely to materialize in the future.

(ECF No. 69 at 3–4 (citation omitted).) As can be seen, the Government did not directly address Mr. Groat's reliance on the assistant professor's opinion that immunity to Covid-19 only lasts approximately 90 days.

The court heard oral argument on Mr. Groat's Motion on March 31, 2021. (ECF No. 72.) The parties confirmed that Mr. Groat has not been vaccinated.

The Government conceded that its opposition to Mr. Groat's Motion was based entirely on (in the Government's view) Mr. Groat's failure to establish extraordinary and compelling reasons justifying release—not on the applicable § 3553(a) factors.

Mr. Groat's counsel argued that his higher risk of covid, his family circumstances, and the fact that, in his view, Mr. Groat is not receiving proper medical care, constituted extraordinary and compelling reasons justifying his release. Regarding Mr. Groat's family circumstances, Mr. Groat's attorney argued that Mr. Groat was needed at home to help with a child with cerebral palsy who required immediate care. The court requested that Mr. Groat

4

submit more information about this child.

On March 31, 2021, Mr. Groat's counsel submitted an affidavit of Aubrey Ann Urry, his wife. (ECF No. 73.) Ms. Urry explained that her daughter was diagnosed with cerebral palsy at birth, is a complete dependent, is wheelchair bound, is non-verbal, is unable to feed or dress herself, is incontinent, and needs complete 24-hour care. (ECF No. 73.) According to Mr. Groat's original PSR, Mr. Groat has raised this child "as his own." (ECF No. 67-1 at 13.)

As of April 2, 2021, Mr. Groat had completed approximately 2 years, 4 months, and 27 days of his sentence—over half of his statutory term.

### Section 3582(c)(1)

As amended by the First Step Act, § 3582(c)(1) now provides, in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that . . . in any case . . . the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i).

### Analysis

Because it is undisputed that Mr. Groat exhausted his administrative remedies, the court proceeds to the merits of his Motion.

The Tenth Circuit recently adopted a three-step test that district courts must address when considering whether to grant a motion for compassionate release. *United States v. McGee*, No. 20-5047, 2021 WL 1168980, at *5 (10th Cir. Mar. 29, 2021) ("Because this three-step test is

5

consistent with the plain language of the statute, we adopt the test for use in this circuit."); *see id*. ("But when a 'district court grants a motion for compassionate release, it must of course address all three steps.'") (citation omitted)).

Step One

"'At step one' of the test . . . a district court must find whether 'extraordinary and compelling reasons warrant' a sentence reduction.'" *United States v. McGee*, No. 20-5047, 2021 WL 1168980, at *5 (10th Cir. Mar. 29, 2021) (citation omitted). At this step, district courts "have the authority to determine for themselves what constitutes 'extraordinary and compelling reasons' . . . ." *Id*. at *8.[1]

The court, having considered the parties' arguments, concludes that extraordinary and compelling reasons exist to reduce Mr. Groat's sentence.

First, Mr. Groat has presented a study from a reputable university that supports the proposition that "even patients with cancer in remission at risk for severe covid." The Government has not presented any evidence to definitively dispute this claim. The court accepts, based on the research currently available, that Mr. Groat, as a cancer survivor, is likely at an increased risk for developing severe covid.

To be sure, Mr. Groat has already survived Covid-19 once. But Mr. Groat has submitted persuasive evidence that any "immunity [to Covid-19] seems to last [only] approximately 90 days . . . ." (ECF No. 65 at 19.) The Government has only offered the opinion of its counsel that Mr. Groat's prior infection "strongly suggests that any greater risk he might have had is not likely to materialize in the future." (ECF No. 69 at 4.) The Government's argument amounts to

---

[1] The Tenth Circuit reached this conclusion because "neither § 3582(c)(1)(A)(i), nor any other part of the statute, defines the phrase 'extraordinary and compelling reasons' or indicates that the Sentencing Commission is charged with defining the phrase." *McGee*, 2021 WL 1168980 at *6.

nothing more than impermissible ipse dixit. Based on the arguments presented, the court accepts the representation of the assistant clinical professor in the Division of Infectious Diseases at the David Geffen School of Medicine over Government counsel's lay opinion.

Because Mr. Groat is currently unvaccinated, exposed to many other inmates who are similarly unvaccinated, being guarded by substantial percentage of staff who (according to defense counsel) have also not been vaccinated, and because it is likely that he is capable of being reinfected, the court finds that Mr. Groat is at risk of being infected with Covid-19. And because Mr. Groat is in remission for cancer, the court finds that he is at a much greater risk for being at risk of suffering from severe symptoms if he is infected.

Second, Mr. Groat is needed in his home to help care for his wife's disabled daughter—whom he has raised as his own—who requires 24-hour care.

When considered together, the needs of Mr. Groat's family and his increased risk should he be reinfected with Covid-19 amount to a compelling and extraordinary reason justifying a reduction in his sentence.

<u>Step Two</u>

Normally, at step two, a district court must find whether a sentence reduction is consistent with *applicable* policy statements issued by the Sentencing Commission. *McGee*, 2021 WL 1168980 at *5. But because Mr. Groat—not his warden—filed his motion for compassionate release, "the Sentencing Commission's most recent policy statement, which was issued prior to the First Step Act, is not 'applicable' to [his] motion." *Id*. at *10.

As the Tenth Circuit recently explained, the Sentencing Commission "has been unable to comply with its statutory duty of promulgating a post-First Step Act policy statement regarding the appropriate use of the sentence reduction provisions of § 3582(c)(1)(A)(i)." *Id*. at *11. The

7

Tenth Circuit concluded "that the Sentencing Commission's existing policy statement is applicable only to motions for sentence reductions filed by the Director of the BOP, and not to motions filed directly by defendants." *Id*. at *12. Because the existing policy statement is not applicable to Mr. Groat's Motion, the court is not circumscribed by the existing policy statement.

Step Three

"At step three," § 3582(c)(1)(A) "instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by steps one and two is warranted in whole or in part under the particular circumstances of the case." *McGee*, 2021 WL 1168980 at *5. The § 3553(a) factors are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed – (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with the needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established ... in the guidelines ...; (5) any pertinent policy statement ... issued by the Sentencing Commission ...; (6) the need to avoid unwarranted sentence disparities among defendant with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a)(1)–(7). The Government conceded at oral argument that a weighing of the appliable 3553(a) factors would not preclude a reduction in Mr. Groat's sentence. The Government conceded that it had no reason to believe that Mr. Groat would not follow the directions of probation and follow his conditions of supervised release if his sentence were reduced and he were placed on supervised release.

The court notes that it is undisputed that Mr. Groat's behavior, while on pretrial release awaiting sentencing, was exemplary. Having considered all applicable § 3553(a) factors, the

court finds that a reduction in Mr. Groat's sentence is warranted. But the court warns Mr. Groat that any violation while on supervised release will very likely result in his incarceration.

<u>Order</u>

I.  Mr. Groat's sentence is reduced to a term of credit for time served.

II. Mr. Groat is to serve the time remaining on his prison sentence as a special term of supervised release, to be followed by the originally ordered term of supervised release.

III. A special condition of the special term of supervised release is home detention.[2]

IV. All other conditions ordered on the original judgment remain in place during the special term.

SO ORDERED this 2nd day of April, 2021.

BY THE COURT:

_____
Clark Waddoups
United States District Judge

---

[2] The court adopts the definition of "home detention" found in the Guide to Judiciary Policy, Volume 8, Part B, Chapter 3: "Home detention requires a participant to remain at home at all times except for pre-approved and scheduled absences for employment, education, treatment, attorney visits, court appearances, court-ordered obligations, or other activities approved by the officer."